**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **CHAD ALAN RAVE,**  Defendant. | No. 08-CR-4059-DEO  ORDER ON REPORT AND RECOMMENDATION |

Before the Court and on file at Docket # 37 is the Report and Recommendation ("R&R") issued by Magistrate Judge Leonard T. Strand concerning the USA's Petition to Revoke Supervised Release, Docket # 27. Following the hearing on January 24, 2013, Judge Strand issued a Report and Recommendation to which Mr. Rave filed objections. Docket # 39. The parties appeared for a hearing on the Defendant's Objections on March 21, 2013.

**I. FACTS**

Magistrate Strand set out the relevant facts in this matter:

> On November 13, 2008, Rave was sentenced to 12 months and 1 day imprisonment and a five-year term of supervised release (TSR) based on his plea of guilty to failure to register as a sex offender. See Doc. No. 19. After serving his sentence, Rave was released to the State of Montana where he was charged with a parole violation, which included absconding from the state.

Following release from incarceration in Montana, Rave agreed to modify the conditions of his release to include up to 180 days in a Residential Reentry Center (RRC) because he did not have a suitable residence. Rave stayed at the RRC until he was able to secure housing with his mother in Winnebago, Nebraska.

Rave's state probation from Montana was transferred to the State of Nebraska on May 18, 2011. Doc. No. 35-1. He began serving his TSR in the District of Nebraska on July 7, 2011. Doc. No. 27. On three occasions, Rave failed to comply with GPS rules and regulations by leaving his residence too early, returning to his residence too late or leaving his residence when he was not scheduled to do so. Rave admitted these violations to state probation and his state probation was revoked due to further electronic monitoring violations. Rave had been staying with family in Nebraska, but was no longer able to reside with them.

Rave agreed to a modification of his conditions that included placement in a RRC for up to 180 days so that he could establish another suitable residence. On May 31, 2012, he reported to the RRC as ordered but the staff smelled alcohol on his breath. A breathalyzer test showed a PBT of .07. Rave admitted he had consumed beer for the entire night before reporting to the RRC. Rave stayed in the RRC until August 17, 2012. He was referred for substance abuse treatment, which he completed on October 9, 2012.

On November 27 and November 30, 2012, breathalyzers were administered which resulted in a .046 BAC and .037 BAC respectively. Rave admitted to state probation and Officer Mork that he had been drinking and felt like he needed inpatient substance abuse treatment. His TSR was modified on December 3 to include two weekends in jail and he was referred for inpatient treatment. He was scheduled to report to Synergy Center on January 4, 2013, but that facility notified Officer Mork that Rave would not be accepted because he was a sex offender. Officer Mork began searching for another substance abuse inpatient treatment program that would accept Rave.

In December 2012, Rave committed several violations that led to Probation filing this petition. On December 16, he failed to charge his GPS unit and did not return Probation's calls. On December 17, he failed to meet with Officer Mork as scheduled. On December 21, he failed to report to Plymouth County Jail to begin serving his two weekends in jail as directed by Officer Mork.

On December 22, 23 and 24, Rave failed to appear for urine tests as scheduled. On December 23, Rave failed to charge his GPS unit and did not return Probation's call. On December 24, Probation contacted Rave's girlfriend and learned that Rave was no longer living with her. She stated that she believed he was staying with family in Sioux City. She had taken Rave's cell phone because she had been paying for it and he was not working. Rave failed to report a change of address to Probation. As of the date this petition was filed, his

whereabouts were unknown. Officer Mork contacted Captain Walsh with the Dakota County Sheriff's Office who reported his last contact with Rave had been on December 4, 2012, at which time Rave reported he was still living with his girlfriend in South Sioux City, Nebraska.

The petition itemizes nine categories of alleged violations. During the hearing, Rave admitted all violations, except violation 9 (failure to remain in compliance with sex offender registration). During the hearing, LaDonna Holstein, an advocate with ATLAS ministry, testified that Rave contacted her on December 31, 2012. He told her he had been sober for a few days but felt like he needed to be in treatment. Ms. Holstein took him to the emergency room to get something to calm his nerves and then took him to his aunt's house. She told Rave to call her the next morning if he was serious about getting help. He did call, so she arranged for Rave to have an alcohol assessment and a physical. She also helped him complete an application for the Nebraska Indian Urban Health Center (NIUHC) in Omaha, Nebraska, and transported Rave there on January 4, 2013. Ms. Holstein testified that Rave was at NIUHC from January 4 until January 17, 2013, when he was arrested on the warrant issued in connection with this petition. It is undisputed that Rave failed to notify Probation of his whereabouts while he was at NIUHC, or during several weeks prior.

Rave submitted two letters at the hearing. The first was from a previous employer, confirming that Rave worked as a stocker from December 2011 until April 2012. The next was a letter of recommendation from

>               Rave's grandfather's brother, who is a
>               probation officer in another district. In
>               his statement to me, Rave admitted he was
>               at fault for not contacting his probation
>               officer.   He stated that he had been
>               staying  with  relatives  and  at  his
>               girlfriend's house.   He said he felt
>               ashamed and guilty because he had been on
>               a "binge drunk" and knew he was violating
>               the conditions of his TSR.  He was afraid
>               to contact Probation because he knew he was
>               in violation and thought it was best for
>               him to go to treatment.

Docket #37, p. 2-4.

The Magistrate ultimately determined the Government proved Mr. Rave violated the terms of his supervised release and stated:

>               I find by a preponderance of the evidence
>               that Rave violated the terms and conditions
>               of his supervised release based on his own
>               admissions to all but one violation... I
>               have given careful consideration to the
>               factors set forth in 18 U.S.C. § 3553(a),
>               and hereby recommend that Rave's TSR be
>               revoked and that Rave be sentenced to 10
>               months incarceration.  I further recommend
>               that upon release, the terms of Rave's TSR
>               be re-imposed for a period of one year
>               supervised release and that those terms be
>               modified to require Rave to enroll in an
>               inpatient treatment center for alcohol
>               abuse to be designated by Probation.

Docket #37, p. 4, 10.

As noted above, this Court conducted a hearing on the Magistrate's Report and Recommendation on March 21, 2013. The Court heard additional testimony from U.S. Probation Officer Ronica Mork and from the Defendant, Mr. Rave. The Court also considered affidavits and testimony from Ms. Holstein and Ms. Solomon, who work for ATLAS Ministry, regarding Mr. Rave's relationship with Ms. Mork, Mr. Rave's relationship with his appointed attorney, Mr. Greer, and the possibility that Mr. Rave receive counseling services from the ATLAS facility in Sioux Center, Iowa.

## II. STANDARD

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation

on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

### III. ANALYSIS

The Court has considered the Magistrate's Report and Recommendation and agrees that Mr. Rave violated the terms of his supervised release as stated by the Magistrate. The portion of the Report and Recommendation related to Mr. Rave's violations is hereby adopted and incorporated into this ruling. Having so found, 18 U.S.C. § 3583(e) requires the Court consider certain specified factors set forth in 18 U.S.C. § 3553(a) to determine whether Mr. Rave's term of supervised release should be terminated, extended, modified, or revoked. Magistrate Strand considered those factors, and, as stated above, found that Mr. Rave should receive ten months

incarceration, mandatory in patient treatment and that his term of supervised release be reimposed for a period of one year.

After Judge Strand's Report and Recommendation was received, Mr. Rave filed a pro se document, Docket #47, in which he stated "I fee that my medical condition and short term memory loss was never addressed as part of the reason for my parole violations."  Based on that pleading, the Court concluded there was need for an additional hearing. Concurrent with the filing of Mr. Rave's pro se pleading, the Court received a letter from Ms. Holstein, the representative of ATLAS Ministries who had testified at the Magistrate's hearing.[1]  Ms. Holstein's letter stated that she had additional information and that she felt she and another ATLAS employee, Nikki Solomon, should be heard.

As stated above, this Court held a prolonged hearing, where Mr. Rave, Ms. Holstein, Ms. Solomon, and Ms. Mork all testified.  Mr. Rave testified he had virtually no short term memory as the result of a past medical trauma.  Ms. Mork

---

[1] ATLAS Ministries stands for 'attaining truth, love, and self control.'  Locally, it has offices in Winnebago, Nebraska, and Sioux Center, Iowa.

testified she had experienced/witnessed Mr. Rave's poor short term memory.

Ms. Holstein testified that Mr. Rave had asked her for help because of his alcohol problem. She stated that she used her connections to get Mr. Rave into an alcohol treatment program in Omaha, Nebraska. She further testified that Mr. Rave was voluntarily participating in that treatment program when he was arrested on the present petition. Ms. Holstein testified that Mr. Rave had been in that program for two weeks when he was taken into custody and that the ultimate issue was that he failed to notify U.S. Probation of his participation in the program in Omaha, Nebraska.

Mr. Rave was asked why he did not notify probation. He stated that he should have, but did not think about it. Ms. Solomon testified that she had experienced memory loss issues and that tests could be performed to conduct to measure the scope of Mr. Rave's memory loss. Ms. Solomon stated that it would have been helpful to have had those tests conducted on Mr. Rave.

After considering all of the 18 U.S.C. § 3553(a) factors, this Court is persuaded that Mr. Rave's supervised release

should be revoked and he be sentenced to four months incarceration. Based on the testimony discussed above, the Court feels that incarceration of four months is more appropriate than the ten months the Magistrate recommended. Following his period of incarceration, Mr. Rave's term of TSR will be reimposed for a period of one year. The conditions of Mr. Rave's TSR shall be modified to include inpatient treatment for alcohol abuse. The conditions shall be furthered modified to include that Mr. Rave receive personal development services from ATLAS of Sioux Center, Iowa, following his inpatient treatment.[2]

In making this determination, the Court has considered all of the 18 U.S.C. § 3553(a) factors. The Court has given special attention to a number of the factors. Specifically, the Court is persuaded that nature and circumstances of Mr. Rave's offenses are substantially related to his alcohol abuse and/or his alleged memory loss. He failed to make his whereabouts known after he binge drinking and after enrolling

---

[2] During the hearing, Mr. Rave indicated he was agreeable to the ministry and personal development services offered by ATLAS. The two representatives from ATLAS also testified that it would be possible for Mr. Rave to receive services from their Sioux Center location.

himself in inpatient treatment.  Accordingly, the Court's order that Mr. Rave receive inpatient treatment and receive personal development services from ATLAS Ministries are specifically tailored to address the nature of the offense.

The Court also considered deterrence of criminal conduct. It is true the guideline range in this situation is 8-14 months of incarceration.  However, as noted above, Mr. Rave's violations are substantially related to his alcohol abuse and/or alleged memory loss.  Accordingly, this Court is persuaded that imprisonment for a period of four months, followed by treatment, will appropriately deter Mr. Rave from future criminal conduct.  This sentence also protects the public from further crimes and meets Mr. Rave's need for medical care.  This sentence will not lead to any undue disparities, and it will further the appropriate goals and policy considerations.

## IV. CONCLUSION

The Magistrate's Report and Recommendation is accepted as modified by this Court.  Mr. Rave is sentenced to four months of incarceration.  Upon his release, his term of TSR will be reimposed for a period of one year.  The terms of his TSR will

be modified to require inpatient alcohol treatment. Following inpatient alcohol treatment, Mr. Rave will receive personal development services from ATLAS Ministries, located in Sioux Center, Iowa.

**IT IS SO ORDERED** this 29th day of March, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa